**Opinion issued June 9, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-26-00191-CR

————————————

**KENNETH SHERMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case No. 1755510**

---

## MEMORANDUM OPINION

Appellant Kenneth Sherman pleaded guilty to the first-degree felony offense of aggravated robbery with a deadly weapon and was sentenced to twenty years' incarceration in the Correctional Institutions Division of the Texas Department of

Criminal Justice, in accordance with the plea bargain with the State. *See* TEX. PENAL CODE § 29.03(a). We dismiss the appeal.

The trial court's certification of defendant's right of appeal certified that appellant had no right of appeal because this was a plea-bargain case. This certification corresponds with the clerk's record, which indicates that appellant pleaded guilty in exchange for the State's agreement to recommend incarceration for 20 years in the Texas Department of Criminal Justice. *See See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

The pro se notice of appeal includes the handwritten words at the top of the notice: "Deny Bond Appeal." This appears to indicate that appellant may be appealing the denial of bond on appeal in addition to the conviction.

Where the appellant enters into a plea bargain with the State, there is no right of appeal except as to those matters raised by written motion and ruled on before trial or after getting permission to appeal from the trial court. *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record contains no written motions ruled on before trial, other than a motion to substitute counsel, and no permission to appeal was granted by the trial court. Accordingly, we must dismiss the appeal for lack of jurisdiction.

*See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (appellate court must dismiss attempted appeal when appellant had no right of appeal because he was sentenced pursuant to agreed terms of plea bargain and did not satisfy exceptions to Rule 25.2(a)(2)). As for the order denying bond on appeal, the trial court did not grant appellant permission to appeal from this order. *See* TEX. R. APP. P. 25.2(a)(2)(B).

We dismiss this appeal for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Caughey, Johnson, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).